# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22cv60675

NIDIA ORTIZ,
*individually and on behalf of all those similarly situated,*

    **Plaintiff,**

v.

HELVEY & ASSOCIATES INC,

    **Defendant.**
_____/

## CLASS ACTION COMPLAINT

Plaintiff Nidia Ortiz ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues Defendant Helvey & Associates Inc ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because the transaction and/or debt at issue arose here, the property the subject of the underlying debt is within this District, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant is a/an Indiana corporation, with its principal place of business located in Warsaw, Indiana.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## DEMAND FOR JURY TRIAL

5. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

6. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

7. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Duke Energy Florida, and Plaintiff (the "Subject Service").

8. The Subject Service was primarily for personal, family, or household purposes.

9. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

10. Defendant is a business entity engaged in the business of collecting consumer debts.

11. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

13. Defendant's "Consumer Collection Agency" license number is CCA0900489.

14. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

15. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

16. Defendant maintains and keeps updated within seven (7) days the records required by Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

17. Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

18. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

19. On a date better known by Defendant, Defendant sent a letter to Plaintiff, of which was internally dated February 16, 2022, (the "Collection Letter") in an attempt to collect the Consumer Debt.

20. Attached as Exhibit "A" is a copy of the Collection Letter.

21. Defendant is required by C.F.R. § 1006.34(b)(3) to provide an "itemization date" of the Consumer Debt in the Collection Letter.

22. The term "**itemization date**" is defined by C.F.R. § 1006.34(b)(3) to mean one of five specific dates, *namely*: **(1)** "[t]he last statement date, which is the date of the last periodic statement or written account statement or invoice provided to the consumer by a creditor," (the "**Last Statement Date**"), *see* C.F.R. § 1006.34(b)(3)(i); **(2)** "[t]he charge-off date, which is the date the debt was charged off, (the "**Charge Off Date**"), *see* C.F.R. § 1006.34(b)(3)(ii); **(3)** "[t]he last payment date, which is the date the last payment was applied to the debt, (the "**Last Payment Date**"), *see* C.F.R. § 1006.34(b)(3)(iii); **(4)** "[t]he transaction date, which is the date of the transaction that gave rise to the debt," (the "**Transaction Date**"), *see* C.F.R. § 1006.34(b)(3)(iv); *or* **(5)** "[t]he judgment date, which is the date of a final court judgment that determines the amount of the debt owed by the consumer," (the "**Judgment Date**"), *see* C.F.R. § 1006.34(b)(3)(v).

23. Defendant identifies February 9, 2022, as the itemization date of the Consumer Debt in the Collection Letter (the "Represented Itemization Date"). *See* Exhibit A.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

24. The Represented Itemization Date is not the Last Statement Date associated with the Consumer Debt.

25. The Represented Itemization Date is not the Charge Off Date associated with the Consumer Debt.

26. The Represented Itemization Date is not the Last Payment Date associated with the Consumer Debt.

27. The Represented Itemization Date is not the Transaction Date associated with the Consumer Debt.

28. The Represented Itemization Date is not the Judgment Date associated with the Consumer Debt.

29. The Represented Itemization Date falsely represents the amount of the Consumer Debt because the Represented Itemization Date is not an itemization date permitted by C.F.R. § 1006.34(b)(3).

30. The Represented Itemization Date falsely represents the character of the Consumer Debt because the Represented Itemization Date is not an itemization date permitted by C.F.R. § 1006.34(b)(3), whereby the use of the Represented Itemization Date wrongfully causes the least sophisticated consumer to falsely believe that the Represented Itemization Date is the Last Statement Date, the Charge Off Date, the Last Payment Date, the Transaction Date, or the Judgment Date.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## CLASS ALLEGATIONS

### PROPOSED CLASS

31. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. The "Class" that Plaintiff seeks to represent is the below defined "FDCPA Class."

32. The "**FDCPA Class**" consists of: **[1]** all persons with Florida addresses **[2]** that were sent a letter **[3]** from and/or by Defendant, or someone on Defendant's behalf **[4]** in an attempt to collect a debt **[5]** during the twelve [12] months preceding the filing of this Class Action Complaint **[6]** whereby said letter is required to provide an "itemization date" required by C.F.R. § 1006.34(b)(3) **[7]** and the "itemization date" provided is not Last Statement Date, the Charge Off Date, the Last Payment Date, the Transaction Date, or the Judgment Date associated with the underlying debt.

33. Defendant and its employees or agents are excluded from the Class.

34. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

35. Upon information and belief, Defendant has sent thousands of debt collection letters to thousands of consumers throughout the United States that are required to use one of five itemization dates set forth by C.F.R. § 1006.34(b), but which use a different, impermissible date instead. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

36. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's e-mail records.

### COMMON QUESTIONS OF LAW AND FACT

37. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant sent a letter to Plaintiff and members of the Class in an attempt to collect a debt; [2] Whether Defendant is a debt collector; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

38. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends debt collection letters to consumers that violate C.F.R. § 1006.34(b) is accurate, Plaintiff and members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

39. Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

40. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

PAGE | **6** of **12**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**SUPERIORITY**

41.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT 1
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

43.     Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference ¶¶ 6-42 of this Class Action Complaint.

44.     The Bureau of Consumer Financial Protection the administrative agency authorized to exercise its authorities under Federal consumer financial law to administer, enforce, and otherwise implement the provisions of Federal consumer financial law. *See* 12 U.S.C. § 5512; 15 U.S.C. § 1692l(d); *see also* 12 C.F.R. § 1006.1(a).

45.     On November 30, 2020, the CFPB issued their final rule to revise Regulation F ("Reg F") of which contains, among other things, the CFPB's most recent interpretation of the

PAGE | **7** of **12**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

FDCPA. Reg F addresses, among other things, communications in connection with debt collection and prohibitions on harassment or abuse, false or misleading representations, and unfair practices in debt collection. *See generally* 85 FR 76734.

46. With respect to the purpose of Reg F, it is stated "[Reg F] carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. 12 C.F.R. § 1006.1(b). Moreover, Reg F, "**prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection, in light of the facts and circumstances**." Id. (emphasis added).

47. Pursuant to § 1006.34 of Reg F, a debt collector must provide a consumer with the validation information required by § 1006.34(c) of Reg F.

48. Pursuant to § 1006.34(c) of Reg F, a debt collector *must* provide certain validation information, of which includes, but is not limited to: (1) "debt collector communication disclosure;" (2) "information about the debt;" (3) "information about consumer protections;" and (4) "consumer-response information."

49. Section 1006.34(c)(2) of Reg F, of which requires "information about the debt" to be disclosed, provides an explicit list information, of which includes: (i) "[t]he debt collector's name and the mailing address at which the debt collector accepts disputes and requests for original-creditor information;" (ii) "[t]he consumer's name and mailing address;" (iii) "the name of the creditor to whom the debt was owed on the itemization date;" (iv) "[t]he account number, if any, associated with the debt on the itemization date, or a truncated version of that number;" (v) "[t] he

name of the creditor to whom the debt currently is owed;" (vi) "**[t]he itemization date**;" (vii) "[t]he amount of the debt on the itemization date;" (viii) "[a]n itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date;" and (iv) "[t]he current amount of the debt."

50. Section 1006.34(b)(3) of Reg F defines the term "**itemization date**" to mean one of five specific dates, *namely*: **(1)** "[t]he last statement date, which is the date of the last periodic statement or written account statement or invoice provided to the consumer by a creditor," (the "**Last Statement Date**"), see C.F.R. § 1006.34(b)(3)(i); **(2)** "[t]he charge-off date, which is the date the debt was charged off, (the "**Charge Off Date**"), see C.F.R. § 1006.34(b)(3)(ii); **(3)** "[t]he last payment date, which is the date the last payment was applied to the debt, (the "**Last Payment Date**"), see C.F.R. § 1006.34(b)(3)(iii); **(4)** "[t]he transaction date, which is the date of the transaction that gave rise to the debt," (the "**Transaction Date**"), see C.F.R. § 1006.34(b)(3)(iv); *or* **(5)** "[t]he judgment date, which is the date of a final court judgment that determines the amount of the debt owed by the consumer," (the "**Judgment Date**"), see C.F.R. § 1006.34(b)(3)(v).

51. Section 1692e of the FDCPA prohibits, among other things, "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

52. Section 1692e(2)(A) of the FDCPA explicitly prohibits "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2).

53. Section 1692f of the FDCPA prohibits, among other things, "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

54. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, provide consumers with certain information, and to make such disclosures and provide such information within a specific timeframe. *See* 15 U.S.C. § 1692g(a)(1)-(5).

55. Here, as set forth above, the Collection Letter was a communication required to use of the five "itemization dates" set forth under § 1006.34(b)(3) of Reg F. The date used and/or otherwise represented in the Collection Letter as the "itemization date," *namely*, the Represented Itemization Date: [1] is not the Last Statement Date associated with the Consumer Debt; [2] is not the Charge Off Date associated with the Consumer Debt; [3] is not the Last Payment Date associated with the Consumer Debt; [4] is not the Transaction Date associated with the Consumer Debt; and [5] is not the Judgment Date associated with the Consumer Debt.

56. Defendant violated § 1692e of the FDCPA by using the Represented Itemization Date in the Collection Letter because the Represented Itemization Date is not one of the five dates permitted by § 1006.34(b)(3) of Reg F and using the Represented Itemization Date as though it was one of the five dates permitted by § 1006.34(b)(3) of Reg F is false, deceptive, and/or otherwise misleading to the least sophisticated consumer.

57. Defendant violated § 1692e of the FDCPA by using the Represented Itemization Date in the Collection Letter because the Represented Itemization Date is not one of the five dates permitted by § 1006.34(b)(3) of Reg F and using the Represented Itemization Date as though it was one of the five dates permitted by § 1006.34(b)(3) of Reg F is false, deceptive, and/or otherwise misleading to the least sophisticated consumer.

58. Defendant violated § 1692e(2)(A) of the FDCPA with respect to the character and/or amount of the Consumer Debt by using the Represented Itemization Date in the Collection Letter because the Represented Itemization Date is not one of the five dates permitted by §

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

1006.34(b)(3) of Reg F. Here, using the Represented Itemization Date as though it was one of the five dates permitted by § 1006.34(b)(3) of Reg F wrongfully causes the least sophisticated consumer to falsely believe that the Represented Itemization Date is the Last Statement Date, the Charge Off Date, the Last Payment Date, the Transaction Date, or the Judgment Date.

59. Defendant violated § 1692f of the FDCPA by using the Represented Itemization Date in the Collection Letter because the Represented Itemization Date is not one of the five dates permitted by § 1006.34(b)(3) of Reg F and using the Represented Itemization Date as though it was one of the five dates permitted by § 1006.34(b)(3) of Reg F constitutes unfair and/or otherwise unconscionable means to collect the Consumer Debt.

60. Defendant violated § 1692g of the FDCPA and § 1006.34(b)(3) of Reg F by failing to use one of the five itemization dates permitted by § 1006.34(b)(3) of Reg F in the Collection Letter, as Defendant was required to use one of the five itemization dates set forth under § 1006.34(b)(3) in the Collection Letter, but instead, used the Represented Itemization Date in the Collection Letter, whereby the Represented Itemization Date is not one of the five dates permitted by § 1006.34(b)(3) of Reg F.

61. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests this Court to enter a judgment against Defendant, awarding Plaintiff and the FDCPA Class the following relief: **[1]** statutory damages as provided by 15 U.S.C. § 1692k; **[2]** costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and **[3]** any other relief that this Court deems appropriate under the circumstances.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

Dated: April 4, 2022

Respectfully Submitted,

/s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 4, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377